UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

DWIGHT WALKER,

        Plaintiff,

    vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

-------------------------------------------------------

CASE NO. 1:21-cv-01474

OPINION & ORDER
[Resolving Docs. 1, 14]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Dwight Walker seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits.[1] Magistrate Judge Henderson recommends affirming the denial of benefits.[2] Plaintiff raises two objections.[3]

With this decision, the Court decides whether arguable limitations on the President's authority to fire the Social Security Commissioner cause all Social Security Administrative Law Judge decisions to become constitutionally infirm. The Court also decides whether substantial evidence supports the Administrative Law Judge's finding that Plaintiff Walker is not disabled.

For the reasons stated below, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the Social Security Commissioner's decision.

I.     Background

---

[1] Doc. 1.
[2] Doc. 13.
[3] Doc. 14.

Case No. 1:21-cv-01474
Gwin, J.

Plaintiff Walker applied for benefits on November 13, 2019, alleging a disability onset date of April 7, 2019.[4]

On January 6, 2020, the Social Security Administration initially denied Plaintiff Walker's application and denied Walker's request for reconsideration on April 23, 2020.[5]

On July 16, 2020, a Social Security Administrative Law Judge ("ALJ") conducted a hearing. A vocational expert testified at the hearing.[6]

On November 30, 2020, the ALJ found Plaintiff Walker not disabled under the Social Security Act.[7] The Appeals Council denied Plaintiff Walker's request for review.[8]

On July 29, 2021, Plaintiff Walker filed this case seeking review of the Social Security Administration's unfavorable decision.[9]

In his merits brief, Plaintiff Walker raises three issues.[10] Plaintiff first argues that the ALJ's decision is constitutionally defective because the ALJ derived her authority from Social Security Commissioner Andrew Saul. Plaintiff argues that the statute controlling the Commissioner's removal cabins the President's discretion, and arguably violates the separation of powers.

Plaintiff Walker second argues that the ALJ should have found that Plaintiff satisfied the Sequential Evaluation Step Three criteria. Finally, Plaintiff Walker argues that the combination of Plaintiff's symptoms prevents Plaintiff from engaging in substantial gainful activity on a full-time and sustained basis.

---

[4] Doc. 7 ("Transcript" or "Tr.") at 100.
[5] *Id.* at 125.
[6] Plaintiff's counsel was present. *Id.* at 72, 93.
[7] *Id.* at 58.
[8] *Id.* at 37.
[9] Doc. 1.
[10] Doc. 9.

Case No. 1:21-cv-01474
Gwin, J.

In addition, Plaintiff Walker argues that the ALJ's evaluation of Plaintiff's symptoms violated Social Security Ruling 16-3p because the ALJ did not sufficiently discuss Plaintiff's testimony.

The Social Security Commissioner responds that Plaintiff Walker's separation of powers argument does not entitle Plaintiff to a rehearing of his disability claim.[11] The Commissioner also argues substantial evidence supports the ALJ's listing finding and supports the ALJ's assessment of Plaintiff's residual functional capacity.

On May 17, 2022, Magistrate Judge Henderson recommended that the Court affirm the Social Security Administration's benefits denial.[12] Magistrate Judge Henderson found that Plaintiff Walker lacks standing to challenge the ALJ's decision with his separation of powers argument.[13] Magistrate Judge Henderson also found the ALJ's decision supported by substantial evidence and rejected Plaintiff's four sub-arguments on this issue.[14] Finally, Magistrate Judge Henderson decided that the ALJ did not err in evaluating Plaintiff's symptoms.[15]

On May 31, 2022, Plaintiff Walker objected to Magistrate Judge Henderson's Report and Recommendation.[16]

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties object.[17] The

---

[11] Doc. 11-1.
[12] Doc. 13.
[13] *Id.* at 9.
[14] *Id.* at 15–21.
[15] *Id.* at 21.
[16] Doc. 14.
[17] 28 U.S.C. § 636(b)(1).

Case No. 1:21-cv-01474
Gwin, J.

district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[18]

In social security appeals, the Court considers whether the "Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards."[19] "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[20]

### III. Discussion

Plaintiff Walker first objects that Magistrate Judge Henderson should have found constitutional standing to challenge the ALJ's authority to decide Walker's disability claim.

Plaintiff Walker next objects to Magistrate Judge Henderson's finding that substantial evidence supports the ALJ's residual functional capacity assessment. In making this argument, Plaintiff claims the ALJ asked the vocational expert a hypothetical question that described visual limitations but did not explicitly mention one-eye blindness. Plaintiff also claims the ALJ failed to include Plaintiff's right-eye blurriness limitations.

#### a. Article III Standing and Retrospective Relief from Unconstitutional Removal Restrictions

The Court overrules Plaintiff Walker's first objection challenging this, or any ALJ's power to adjudicate disability applications. In support of this argument, Plaintiff argues that the Social Security Commissioner was appointed under a statute that cabined the President's authority to remove the Social Security Commissioner.

---

[18] *Id.*
[19] *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g).
[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

-4-

Case No. 1:21-cv-01474
Gwin, J.

Plaintiff Walker argues that because the relevant removal provision restricts the President's power to remove the Commissioner, the Commissioner enjoyed no authority to delegate the power to decide disability applications to the ALJ. Plaintiff says the ALJ's decision cannot stand.

Magistrate Judge Henderson correctly concluded that Plaintiff Walker does not have standing to challenge the ALJ's authority to decide his application.

In general, Article III standing requires (1) an injury in fact (2) that can be traced to the defendant's conduct and (3) can be redressed by a favorable resolution of the suit.[21] The relevant inquiry for traceability in standing is "whether the plaintiffs' injury can be traced to allegedly unlawful conduct of the defendant, not to the provision of law that is challenged."[22] "In the specific context of the President's removal power, [the Supreme Court has] found it sufficient that the challenger 'sustain[s] injury' from an executive act that allegedly exceeds the official's authority."[23]

Despite unconstitutional restrictions, the Commissioner did not exceed his power when he undertook his other responsibilities, including the adjudication of disability applications and delegation of such tasks. "Settled precedent . . . confirms that the unlawfulness of the removal provision does not strip the [agency head] of the power to undertake the other responsibilities of his office[.]"[24] Plaintiff Walker does not point to any specific act by the Commissioner that exceeded his authority and led to the denial of

---

[21] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).
[22] *Collins v. Yellen*, 141 S. Ct. 1761, 1779 (2021) (internal quotation marks and citation omitted).
[23] *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2196 (2020) (quoting *Bowsher v. Synar*, 478 U.S. 714, 721 (1986)).
[24] *Collins v. Yellen*, 141 S. Ct. at 1788 n.23.

-5-

Case No. 1:21-cv-01474
Gwin, J.

Plaintiff's application. Therefore, Plaintiff does not satisfy standing's traceability requirement.

Similarly, Plaintiff Walker does not show how unconstitutional removal restrictions led to the denial of his application. To obtain retrospective relief, Plaintiff must show that an unconstitutional provision inflicted compensable harm.[25] Plaintiff does not show harm from the arguably unconstitutional removal restrictions. As a result, Plaintiff would not have been able to obtain retrospective relief even if he had standing.

### b. The ALJ's Residual Functional Capacity Assessment

The Court also overrules Plaintiff Walker's second objection about the ALJ's residual functional capacity assessment. Plaintiff argues that the ALJ erred by insufficiently considering Plaintiff's left-eye blindness and his right-eye blurriness.

When reviewing an ALJ's disability determination under the Social Security Act, a district court determines whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[26] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[27] Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[28]

---

[25] *Id.* at 1788–89; s*ee also id.* at 1801 (Kagan, J., concurring) ("[P]laintiffs alleging a removal violation are entitled to injunctive relief—a rewinding of agency action—only when the President's inability to fire an agency head affected the complained-of decision."); *id.* at 1790 (Thomas, J., concurring) ("[I]dentifying some conflict between the Constitution and a statute is not enough. [Plaintiffs] must show that the challenged Government action at issue . . . was, in fact, unlawful.").
[26] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).
[27] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).
[28] *Id.*

Case No. 1:21-cv-01474
Gwin, J.

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[29] A district court may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[30]

Here, substantial evidence supports the ALJ's residual functional capacity assessment. The residual functional capacity specifically includes limitations based on Plaintiff Walker's vision issues in his left eye.[31] In making that assessment, the ALJ described medical evidence regarding Plaintiff's overall vision in both eyes,[32] that indicates Plaintiff could return to work.[33] That is substantial evidence for the ALJ's residual functional capacity assessment.

The ALJ did not describe Plaintiff Walker's left-eye blindness or include right-eye blurriness limitations. However, Plaintiff does not show these should change the ALJ's residual functional capacity assessment. Plaintiff does not point to any medical evidence showing that he was unable to work or that he suffered additional limitations not considered by the ALJ.

The ALJ questioned the vocational expert whether a person, limited to only occasional near acuity and no precise depth perception, could perform certain jobs.[34] Although the ALJ's limitations gave general description of Plaintiff Walker's condition, the ALJ did not clarify that the person could only see out of one eye instead of both eyes.

---

[29] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[30] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[31] "After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to occasionally stoop, kneel, crouch, crawl, and climb of ramps and stairs; never climb ladders, ropes, or scaffolds; have no exposure to hazards, such as unprotected heights or dangerous machinery; no requirements for driving. The individual cannot perform job duties that require precise depth perception [e.g. threading a needle]; and can only occasionally perform job tasks that require Near Acuity (as defined in SCO; that is 'clarity of vision at 20 inches or less')." Tr. at 50.
[32] *Id.* at 50–58.
[33] *Id.* at 461.
[34] *Id.* at 95–97.

Case No. 1:21-cv-01474
Gwin, J.

Plaintiff Walker did not object to Magistrate Judge Henderson's consideration of the ALJ's joint consideration of Walker's visual abilities.

In general, an ALJ can rely on a vocational expert's testimony and response to hypothetical questions as substantial evidence of plaintiff's ability to perform specific jobs only if "the question accurately portrays the individual's physical and mental impairments."[35] Even so, the hypothetical question does not have to include a list of the individual's medical conditions.[36] Instead, the question "need only reference all of an [individual's] limitations, without reference to the [individual's] medical conditions."[37]

The ALJ relied on substantial evidence to decide Plaintiff Walker's residual functional capacity and properly referred to Plaintiff's residual functional capacity when questioning the vocational expert. Thus, the ALJ's failure to describe Plaintiff's left-eye blindness does not defeat the substantial evidence that supported the ALJ's decision.

## IV. Conclusion

For these reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the Commissioner of Social Security's decision.

IT IS SO ORDERED.

Dated: September 27, 2022       s/ James S. Gwin
                                                             JAMES S. GWIN

---

[35] *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (internal citations omitted).
[36] *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) ("[W]e do not read Howard to hold that hypothetical questions to vocational experts are required to include lists of claimants' medical conditions").
[37] *Id.* (citing *Foster v. Halter*, 279 F.3d 348, 356 (6th Cir.2001)); *see also Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 780 (6th Cir.1987) (determining that a vocational expert need only "take[ ] into account plaintiff's limitations").

-8-

Case No. 1:21-cv-01474
Gwin, J.

UNITED STATES DISTRICT JUDGE